JOHN L. McKINNON, APPELLANT, VS. WILLIAM W. McCOLLUM, APPELLEE.

1. It is error to submit an issue upon one plea to the jury, while other pleas remain undisposed of, when it appears that they were not abandoned.

2. The oath of office of Commissioner of Roads and Bridges, need not be administered by a Justice of the Peace, but may be administered by certain other officers.

3. A Clerk of the Circuit Court may appoint a deputy.

4. A Ministerial office may be exercised by deputy.

5. A deputy may, in general, do any act that his principal could do, except to make a deputy.

6. Whether if Road and Bridge Commissioners were not sworn at all, their acts would, for *that cause*, be null and void. *Quere?*

7. The Supreme Court cannot entertain an appeal or writ of error in a case at law, until after a final judgment.

Appeal from Walton Circuit Court.

This is an action of Trover commenced by the appellant at the Spring Term of said Court, A. D. 1854, against W. W. McCollum for the conversion of a horse.

The County Commissioners of Walton County, in 1853, appointed J. W. Williams and James W. Moots, of said county, Bridge and Road Commissioners for road district No. 1., in said county, in which district the said John L. McKinnon resided. The oath of office was administered to J. W. Williams, one of said commissioners, by D. McLeod, Judge of Probate of said county, and the oath of office was administered to the other commissioner, so appointed, James W. Moots, by D. W. McCrannie, Deputy Clerk of the Circuit Court of said county. The said Williams and Moots, the year as 1853, sitting as a board of road commissioners, after summons to the said John L. McKinnon,

entered up two judgments against him for a default in not working the roads in said district, and issued executions thereupon directed to any lawful officer of said county, which came to the hands of the defendant, McCollum, who was Sheriff of said county, and which he levied upon the plaintiff's horse, and after legal notice, sold him. The plaintiff forbade the sale and brought this action of Trover.

The defendant pleaded not guilty, and two special pleas setting up the matters aforesaid in justification.

*J. F. McClellan,* for Appellant.

DOUGLAS, J.

This is an action of Trover for the recovery of a certain horse, and was brought up by appeal from the Circuit Court for Walton county. The declaration in the Court below was in the usual form; to which the defendant put in three pleas: *Frst,* The general issue, Not Guilty ; The *second* and *third* are pleas in confession and avoidance, in which the defendant set up as a defence that he was Sheriff of Walton county ; that J. W. Williams J. W. Moots were Road and Bridge Commissioners of a certain road district in that county ; that John L. McKinnon, the appellant, was a delinquent, and that at a Court held by the said Williams and Moots, as such commissioners, two judgments were entered up against the said John L. McKinnon, upon which executions were respectively issued and placed in his hands as such Sheriff, and that he levied the said executions upon the horse of the said appellant now sought to be recovered in this suit, and advertised and sold the same by virtue of the said executions as he lawfully might do, &c.

Either the proceedings in the Court below were very irregular or the record is very defective. The two pleas of

justification both conclude with a verification, yet they do not appear to have been replied to, or to present any issue for the jury to try. The *first* plea (the general issue) concluded to the county and might, with propriety, have been submitted to the jury, had the other two pleas been disposed of, but thus to submit it while these other pleas remained undisposed of, was an error for which (if there were no other,) the case should be sent back, as it clearly appears that they were not abandoned. There is, however, another more important defect, one which consent cannot cure. There does not by the record appear to have been any final judgment entered in the case, and this Court has repeatedly held that a writ of error or appeal will not lie in a case at law until after a *final* judgment, and that if either is taken before, it cannot entertain jurisdiction.— There is a long bill of exceptions accompanying (but not in) the record; this however, while it speaks of rulings and judgments given during the trial of the cause says nothing of a *final* Judgment. This Appeal must therefore be dismissed.

And here were we to follow our accustomed course we should stop. But it has been intimated to us, that there are a number of other cases resting upon the same questions as are presented in this, the most important of which perhaps arises out of the objection that Williams and Moots were not Commissioners of Roads and Bridges because they had never taken the oath of office as derected by the Statute, and that their acts as such were therefore null and void, and that our opinion is desired in regard to them. We have thought that it might be well for us to look into the question at least, and suggest our views upon

it. This objection is founded upon the phraseology of the Statute providing for the appointment of these Commissioners, Thomp. Dig. p. 141, No. 1., which says they "shall take an oath before some Justice of the Peace faithfully to discharge their duties as such," and hence it is infered that unless they were thus sworn, their acts are for that cause "*Coram non judice.*" We are not prepared to admit that result even if they had not been sworn at all; this however is a question which it is not necessary for us now to decide.

It appears by the bill of exceptions that the oath of office was administered to Williams by the Judge of Probate of Walton County, and to Moots by the deputy Clerk of the Circuit Court for that County; this would seem to be sufficient. Judges, and Clerks of the Supreme Court, Circuit Court, and Courts of Chancery, Judges of Probate, Justices of the Peace, and Notaries Public are authorised and empowered to administer oaths, in *all cases*, in which by law oaths are required to be administered. Thomp. Dig. p. 350 Sec. 9, No. 1. The case of these Commissioners was one in which by law oaths are required to be administered; it comes therefore precisely within the scope of the provision last cited which was enacted at the same Session as the one providing for the appointment of these Commissioners, and must be construed in "*pari materia*" with it. Clerks of the Circuit Courts are specially empowered to appoint deputies, Thomp. Dig. p. 61, No. 1. The general rule is, that judicial offices must be exercised in person, and that a Judge cannot delegate his authority to another.

What is a judicial, and what is a ministerial function

has been (says Chancellor Kent 3 Comn. 365,) a matter of dispute. In Widhurst vs. Waite 2 Inst. 491, Lord Mansfield said, it was taking the definition too large, to say that every act, where the Judgment was at all exercised, was a judicial act, and that a judicial act related to a matter in litigation. But a ministerial office may be exercised by deputy; though a deputy cannot make a deputy, according to the maxium, *delegata potestas non potest delegari*, 3 Kent Com. 365. (Ed. 1832 p. 457.) In general ministerial officers can appoint deputies. Com. Dig. Title office, D. 1; so in general a deputy has power to do every act, which his principal might do, but a deputy cannot make a deputy. 1 Bouviers Law Dict. 455.

Let the Appeal be dismissed.