THE CITY OF LEESBURG, a Municipal Corporation, *Plaintiff in Error,* v. J. S. HALL AND JULIAN H. HARRIS, doing business under the firm name of HALL & HARRIS, *Defendants in Error.*

Division B.

Opinion filed July 11, 1928.

Petition for rehearing denied September 19, 1928.

*Gaines & Futch,* Attorneys for Plaintiff in Error;

*Kennedy & Johnson,* Attorneys for Defendants in Error.

BUFORD, J.—In this case we will refer to the defendants in error as the plaintiffs and the plaintiff in error as the defendant as thus they appeared in the court below.

The plaintiffs entered into a contract with defendant to construct some 46,000 cubic yards of sand and muck fill around the margins of several lakes or ponds in the City of Leesburg, the fills to be made of material dredged or excavated from near the central portions of several ponds. The contract provided that payments for making such fills were to be made monthly upon estimates of completed work. The plaintiffs moved machinery on the scene and began the fulfillment of the contract by making the fill around one of the ponds. They were paid for completing 968 yards of fill, less 10 per cent of the contract price which was retained by defendant in accordance with the terms of the contract to be paid upon completion of the work. It appears that they dredged other materials but completed no additional fill. The contract provided that the material for constructing the fills should be dredged or excavated from ponds or locations designated by defendant's engineers. About the 13th of August, 1925, the defendant's engineer designated a location from which material for a certain fill was to be dredged or excavated. The plaintiffs declined to dredge the material for that certain fill from that location so designated and suspended work. There was a provision in the contract that in the event plaintiffs at any time abandoned the work or failed to prosecute the same or violated any provision of the contract the defendant should have the right to declare the contract void. On August 24, 1925, defendant took the position that plaintiffs had abandoned the contract and, therefore, defendant declared the contract to be null and void. Thereafter the plaintiffs moved their machinery and sued the defendant, alleging breach of the contract made.

The declaration is in seven (7) counts. The first count is a common count for labor and material furnished. The other six (6) counts allege in different phraseology the making of the contract and the breach thereof by the defendant by declaring the contract null and void.

The 2nd, 3rd and 6th counts allege that the contemplated work was the dredging and excavation of sand and muck from ''the central portions of the ponds,'' while the 5th and 7th counts allege that the contemplated work was the dredging and excavating of sand and muck from ''near the central portions.'' The 3rd count alleges that the defendant's engineer required plaintiffs to dredge at points other than ''near the central portion,'' of the several ponds. The 4th count alleges the number of cubic yards of fill to be constructed and the price to be paid therefor. The 5th count is much like the 4th.

To the declaration the defendant pleaded the general issue of ''never was indebted as alleged'' which was only applicable to the first count of the declaration, and for plea to the 2nd, 3rd, 4th, 5th, 6th and 7th counts of the declaration the defendant pleaded:

''The plaintiffs first breached the contract in this, that on August 13th, 1925, and at divers times before then the defendant's engineer repeatedly designated to the plaintiffs from which portions of the said ponds in the declaration mentioned the materials should be excavated or dredged; that the plaintiffs failed and refused to excavate or dredge material from the portions or areas of said ponds so designated by defendant's engineer; that all the material dredged or excavated by the plaintiffs, except 968 yards thereof, was dredged or excavated from portions and areas of said ponds not designated therefor by said engineer, and after designation by him of the portions or areas of said ponds from

"which material was to be taken, and in direct and willful violation of his designation and instructions; That still refusing to comply with the designation of areas by the said engineer and in violation of their contract, promises and agreements, the plaintiffs abandoned said work and refused to perform the work or dredge or excavate the material by them to be done as in and by said contract is provided, and still fail and refuse so to do."

No replication or joinder of issue was filed. Therefore, the case was tried without any issue being made up concerning the allegations contained in the plea to the 2nd, 3rd, 4th, 5th and 6th counts of the declaration. This was error. See Benbow v. Marquis, 17 Fla. 441; also McKinnon v. McCollum, 6 Fla. 376; also Asia v. Hiser, 22 Fla. 378, and Muller v. Ocala Foundry & Machine Works, 49 Fla. 189, 38 So. R. 64.

At the trial of the cause the Court gave certain charges marked "1st", "2nd" and "3rd" which were in the following language:

"1. The Court charges you, gentlemen of the jury, that in construing the contract in this case you should consider the instrument as a whole and not detached portions thereof in arriving at the true intention of the parties; and that where the language of the contract is ambiguous and susceptible to two constructions the interpretation should be given that evolves the more reasonable and probable contract; and that in construing particular provisions of the contract, the contract as a whole should be taken and considered, and its meaning determined from the entire context; that you should so interpret the contract that the same may be reasonable, fair and equitable, and so that an

oppressive construction may be avoided, as it should not be supposed that in making a contract either party intended to place the other at its mercy, and in construing the contract the different provisions must all be construed so as to give effect to each, and if one interpretation looking to the other provisions, would lead to an absurd conclusion, such interpretation must be abandoned and that adopted which will be the most consistent with reason, and you should give a reasonable interpretation where it is possible, rather than an unreasonable one, and you should endeavor in trying to arrive at the true interpretation to adopt that construction which is most equitable to the parties and which will not give one of them any unfair and unreasonable advantage over the other, as no contract should be so construed as to give one party an unreasonable advantage over the other, unless that was the manifest intention of the parties at the time it was made; and where the contract permits an option, it is not to be supposed that the option can be arbitrarily exercised to the advantage of one party and the disadvantage of the other.

"2. I further charge you, gentlemen of the jury, that where the terms of a contract appears on its face to have been inserted for the benefit of one of the parties, that party will be considered as having inserted such terms and as having chosen the language thereof and any ambiguity will be construed most strongly against that party.

"3. The Court further charges you, gentlemen of the jury, that if there is any doubt as to the construction which should be given to the contract, that construction should be adopted which will be more to the advantage of the plaintiffs, upon the general grounds

that the party who takes an agreement prepared by
another, and upon its faith incurs obligations, or parts
with his property, should have a construction given to
the instrument favorable to him, and on the further
ground that when an instrument is susceptible of two
constructions, the one working an injustice and the
other consistent with the right of the case, that one
should be favored that standeth with the right.''

These charges each submitted to the jury the construc-
tion of the contract read in evidence. The contract was
a written instrument and the rule is too well established
to require the citation of authorities that ordinarily the
construction of a written contract is a matter of law which
must be determined by the Court and is not within the
province of the jury. The Court can not shift the burden
of construing a contract to the judgment of the jury,
but must construe the contract and inform the jury as
to the result of the construction by the Court. Other
charges were given by the Court and excepted to by the
defendant, which charges were not responsive to the issue
and, therefore, constituted reversible error.

We are mindful of the provisions of Sec. 2812, Rev. Gen.
Stats. of Fla., which is quoted in full at two separate
places in the brief filed by attorneys for defendant in
error, but we think that the provision of that section
which is ''unless in the opinion of the court to which
application is made after an examination of the entire
case it should appear that the error complained of has re-
sulted in miscarriage of justice'' is applicable to the case
at bar.

The Court charged the jury as follows: '

''Sixth. The Court further charges you, gentlemen
of the jury, that if you should find that the plain-

tiffs did not breach the contract, but that the defendant prevented the full performance, then the plaintiffs would be entitled to recover as damages for the breach of said contract, compensation for the work actually done, the losses sustained, together with the profits which they might have made on said contract if not so prevented by the defendant, if the same can be ascertained with reasonable certainty from the evidence given in the case,''

which charge was excepted to by the defendant and is made the basis for the 15th assignment of error. It will be observed that in this charge the Court instructed the jury in effect that the measure of damages, if the jury should find the plaintiffs were entitled to recover, would be ''compensation for the work actually done, the losses sustained, together with the profits which they might have made on the said contract if not so prevented by the defendant, if the same could be ascertained with reasonable certainty from the evidence given in the case.'' It will be readily observed that this charge was misleading and, therefore, erroneous. It was in effect instructing the jury that they should find the value of the work done and add to this the losses, if any sustained, and add to this the profits that would have been made by completing the whole work and to take the sum of the three items combined as the basis for their verdict, in the event that the plaintiff was found to be entitled to recover. Certainly ''losses sustained'' would be included in ''profits they would have made by completing the whole work'' and vice versa.

Since this case is to go back for another trial, it may not be improper for us to say here that it appears from the record presented that plaintiffs' theory of the case

was that the contract was for dredging and excavating sand and muck. It is true, that the compensation of plaintiffs was to be determined by the amount in cubic yards of sand and muck dredged, but the contract was for the making and constructing of certain fills. This was the thing which was sought to be accomplished. This was the purpose of contract and the dredging of sand and muck was incidental to the accomplishment of that purpose.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.