ESTER NELSON PATTERSON and her husband, Z. H. PATTERSON, *Appellants,* vs. W. J. TOUCHTON and R. E. DINSMORE practicing law under the firm name of TOUCHTON & DINSMORE, *Appellees.*

141 So. 118.

En Banc.

Opinion filed April 19, 1932.

Petition for rehearing denied May 24, 1932.

*O. Edgar Williams,* for Appellants;

*Summerlin & Wimberly* and *R. E. Dinsmore,* for Appellees.

BUFORD, C.J.—In this case attorneys were employed by the appellant, who was living separate and apart from

her husband, to bring a suit for divorce and to recover from the husband possession of what was alleged to be the separate property of a married woman and interest in which was alleged to have been held by the husband in trust for the wife and to enjoin the disposition by the husband of the wife's separate property.

This suit was to charge the separate property of the married woman involved in the former suit for the payment of the service of the attorneys in that former litigation.

It is alleged in the bill in effect that as far as the litigation proceeded the results had been in favor of the complainant and complainant and defendant reached some amicable settlement between themselves and the attorneys were ordered by the complainant in those suits to dismiss the same, which they did.

There is no allegation in the bill of complaint showing that the separate property of the married woman was enhanced or increased as a result of the litigation. There is no showing that the result of that litigation placed her in possession or control of her separate property therein involved or that by reason of the service rendered by the attorneys she obtained the possession or control of any of her separate property not theretofore possessed and controlled by her or that she became vested with the legal title to separate property alleged to have been held in trust for her by her husband. Therefore, the bill of complaint fails to show that the service rendered inured to the enhancement, benefit or increase of the separate property of the married woman.

There was a demurrer filed and overruled to the amended bill of complaint. The order overruling the demurrer allowed the defendants until the succeeding Rule Day in which to file further pleadings.

The demurrer should have been sustained to the

amended bill of complaint, as framed, on authority of Timberlake v. Semple, 86 Fla. 314, 97 Sou. 718.

The words in the Constitution, Sec. 2 Article XI, "for the benefit of her separate property" should not be held to mean that the contract or agreement must merely *contemplate* a "benefit of her separate property" but must be held to mean the contract or agreement must *inure* to the enhancement, increase or benefit of the separate property of the married woman.

Such may be said to be the effect of the holding in the cases of Vance v. Jacksonville Realty & Mortgage Co., 69 Fla. 33, 67 Sou. 636, and cases there cited; and Ziegler v. Ft. Lauderdale Securities Co. et al., opinion filed July 7, 1931, reported 135 So. 838.

In this case the allegations of the amended bill of complaint sufficiently show a contract by a married woman, which she confirmed in writing, for services to be performed which were contemplated to inure to the benefit of her separate property, but this is not enough. It must be shown that such contemplated benefits did substantially by reason of the services rendered, inure to her separate property.

For the reasons stated, the order appealed from must be reversed, with directions that the demurrer be sustained and the complainants be allowed a period of time to be fixed by the chancellor in which to file a further amended bill, if they can and may, to meet the deficiencies herein pointed out and failing to do so, the cause be dismissed. It is so ordered.

Reversed and remanded.

WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BROWN AND DAVIS, J.J., concur in part and dissent in part.

DAVIS, J. (Concurring in part and dissenting in part).— It seems to me that the amended bill of complaint con-

tains equity; that the general demurrer thereto was properly overruled by the chancellor; and that the decree should be affirmed, even though it may be successfully contended that the agreement in writing of the married woman in question to pay attorneys' fees for procuring a divorce for her, would not be chargeable against her separate property under Section 2 of Article XI of the Constitution.

Section 2 of Article XI of the Constitution provides that a married woman's separate real and personal property may be charged in equity and sold, or the uses, rents and profits sequestrated for money or thing due upon any agreement made by her in writing *for the benefit* of her separate property. In this case the bill of complaint shows that Mrs. Patterson made an agreement in writing *for the benefit* of her separate property, and in my judgment that agreement shows that it does not just merely contemplate a benefit, but resulted in such benefit through the rendition of the services performed by her attorneys under that contract.

In the case at bar it may be conceded that Mrs. Patterson's separate property is now no greater *in amount* as the result of the services rendered by her attorneys under the written contract they had with her than it would have been in amount had such services not been rendered. But in City Bank v. Hart, 102 Fla. 529, 136 Sou. Rep. 446, and in Myers v. Federal Reserve Bank of Atlanta, 101 Fla. 407, 134 Sou. Rep. 600, we held that where the funds or assets of an insolvent bank which actually passed to a receiver or liquidator had not been increased in amount by the addition of other assets or funds, but were greater in amount than they otherwise would have been when they passed to the receiver, or liquidator because of there being included therein funds or assets which would not have passed to the receiver or

liquidator under ordinary circumstances, that the total assets passing to the receiver or liquidator were to be considered as augmented and benefited to an extent sufficient to charge the whole with a trust.

And so it is in the present case that due to the employment of said attorneys and her engagement of their services and the services they actually rendered to her in bringing suits to enforce her rights in the courts, the married woman here involved unquestionably has a greater right of enjoyment of her property than she would have had if those services had not been rendered. In my judgment this enhancement to a married woman of her right of enjoyment, is a *benefit* to her separate property within the purview of Section 2 of Article XI of the Constitution and the decisions of this Court which allow a married woman's property to be charged in equity and sold under a contract in writing for *such benefit*.

Nor do I think that the case of Timberlake v. Semple, 86 Fla. 314, 97 Sou. Rep. 718, is any authority to the contrary. That case, as the record will show, dealt only with the construction of our constitutional provision relating to "labor bestowed" on a married woman's land, and held that services of an attorney at law rendered in *defending* a married woman's rights in her separate property could not be considered as "labor bestowed" *upon* such property. That decision was undoubtedly correct under the facts of that case and under the particular constitutional provision there dealt with, and I have no fault whatever to find with it.

But in the present case a different clause in the constitutional provision is relied on to support the present claim for attorney's fees rendered by attorneys at law pursuant to a married woman's written contract for the

rendition of such services *for the benefit of her separate property.*

The services rendered under the agreement in writing in this case were not merely the services of an attorney in *defending* the rights of a married woman to real estate as her separate property. On the contrary, that agreement contemplated and operated to accomplish the procurement of affirmative relief with reference to her property rights in order to secure to the married woman that which to her was otherwise lost, at least so far as her beneficial enjoyment of part of her property was concerned. Therefore, when such services were contracted for by her in writing, and were actually rendered to such married woman under her written contract, and have in fact resulted in a *benefit* to her separate property, by making it possible for such married woman to enjoy her property to an enhanced degree over that enjoyment which she would have had if the services of the attorneys had not been actually rendered as contracted for, I think that the agreement in writing for the rendition of attorneys' services after it has been executed may properly be held to have not only contemplated, but to have in reality resulted in, a benefit to her separate property, and that such married woman's separate property may in consequence be charged in equity and sold to pay for the services which have been actually rendered under her executed agreement in writing. The Chancellor so held and I fully agree with his conclusion in that respect.

The fact that services have also been rendered under such agreement for attempting to procure a divorce for the married woman, and that such services appear to be charged for under the contract, does not render the entire bill demurrable if, in addition to the services relating to the married woman's property, that part of the fee

for service rendered under the agreement with reference to the married woman's property is recoverable.

I agree with the statement of the law by MR. CHIEF JUSTICE BUFORD to the effect that the constitution does not apply to a mere executory contract or agreement which in its executory status simply contemplates a future benefit to a married woman's separate property. Nor do I question the proposition that the constitution means a contract or agreement which has actually inured to the enhancement, increase *or benefit* of a married woman's separate property. But I am unable to agree that the present case, which is predicated on an agreement in writing already performed, exhibits a contract which merely contemplates a benefit. On the contrary, the contract is no longer executory but executed, and it seems to me that while the contract when made may have simply *contemplated* a benefit, that nevertheless the subsequent execution of it according to its terms, has resulted in a substantial benefit in fact. It seems beyond question that it has enhanced and increased the married woman's *enjoyment* of her separate property by restoring to her that which was otherwise lost to her. Therefore I think we should hold that such contract is an agreement in writing for the *benefit* of a married woman's separate property such as is contemplated by Section 2 of Article XI of the Constitution authorizing a married woman's property to be charged in equity and sold by reason thereof.

We are informed by the latest statistics that there are more than eleven million married women engaged in various lines of personal endeavor such as to constantly bring them into legal relations with others. The Constitution is a document which was written to apply to the needs and requirements of organized society from day to day as civilization advances and business pro-

gresses. We are bound by no precedent which compels us to say that a married woman who has been wrongfully deprived of her separate property or of a right or benefit therein, can not employ attorneys to procure it for her by legal proceedings. This is a protection, not only to those who thus deal with a married woman, but to the married woman as well, as it gives her the opportunity to defend those rights vested in her by the constitution and the statutes.

I see no occasion for holding that an executed, as distinguished from an executory, agreement in writing by a married woman for attorney's fees for services which have been performed with reference to her separate property, for the material benefit of that property, may not be enforced under Section 2 of Article XI of the Constitution.

I therefore concur in part and dissent in part as to the opinion and conclusion.

BROWN, J., concurs.