177 So.2d 712 (1965)
AUTOMATIC CANTEEN COMPANY OF AMERICA, a Corporation, Appellant,
v.
Everette E. BUTLER, Jr., Appellee.
No. 64-660.
District Court of Appeal of Florida. Third District.
August 10, 1965.
*713 Worley, Gautier & Patterson, Miami, for appellant.
Hendricks & Hendricks, Miami, for appellee.
Before TILLMAN PEARSON, BARKDULL and SWANN, JJ.
TILLMAN PEARSON, Judge.
The Automatic Canteen Co. of America bought the controlling stock interest in three smaller corporations from Everette E. Butler, Jr. It thereafter sued Butler upon an indemnity agreement given by Butler to Automatic as a part of the inducement to purchase. Butler received a summary final judgment absolving him from liability under his agreement and Automatic brought this appeal. We hold that the appellee was not entitled to the judgment as a matter of law, and reverse for trial of the issues.
Automatic in its complaint set forth the following language of the agreement which is said constituted the basis for the liability:
"6. Butler warrants that the balance sheets of Automatic Cafeterias, Inc.; Canteen Milk, Inc.; and Canteen Service of Southern Florida, Inc. prepared as of June 30, 1960, together with schedules showing the results of current operations of the companies, copies of which are attached hereto and made a part hereof, substantially state the correct financial condition of the companies and a correct listing of the companies' assets of every amount and description owned by the said companies and that there has not occurred any transaction or transactions which materially affect the financial condition of the said companies.
"7. Butler hereby personally agrees to indemnify Automatic or any subsidiary of Automatic against any liabilities of any nature whatsoever which are not reflected in the aforementioned balance sheets of the said companies as of June 30, 1960, which Automatic or any subsidiary of Automatic may be called upon to pay within a period of two (2) years from and after the closing date."
Automatic further alleged that, subsequent to the execution and delivery of the agreement, it was called upon to pay certain tax liabilities to the State of Florida in the approximate sum of $19,776. It was alleged that this payment represented Florida Sales Tax deficiencies of the corporations purchased which were covered by the terms of the indemnity agreement.
Butler, in his answer admitted the agreement but alleged that it was the intent of the parties that Butler would indemnify Automatic only as to liabilities known to Butler and not reflected on the balance sheets. He further alleged that long after Automatic was in active control of the named corporations, the Use and Sales Tax Division of the State of Florida conducted an audit which resulted in the deficiency assessment, and that the deficiency was paid by Automatic over the protest of Butler. Other alleged defenses were (1) Automatic had a complete knowledge *714 of the manner of conducting the business and made a thorough examination of all books and records; (2) Automatic was responsible for the deficiency assessment because it changed the reporting procedure and caused the audit.
The trial court had for consideration the pleadings, the indemnity agreement, the deposition of the defendant Butler, the deposition of Richard C. McGarrow, who was the accountant and office manager of the plaintiff corporation, and accounting reports introduced as exhibits to McGarrow's deposition. The plaintiff, appellant, moved for a summary judgment and upon hearing, the court denied the plaintiff's motion but entered a summary final judgment for the defendant. This appeal followed.
Inasmuch as we reverse the summary judgment upon the holding that the defendant, appellee, was not entitled to a judgment as a matter of law, we do not decide the procedural point presented by appellant. That point urges that it was error to enter a summary judgment for a non-moving party where the party suffering the summary judgment had not been served with a notice that the court would consider the entry of such a judgment. See Babb v. Lincoln Auto Finance Co., Fla.App. 1961, 133 So.2d 566; John K. Brennan Co. v. Central Bank and Trust Co., Fla.App. 1964, 164 So.2d 525; Fernandez v. Moreno, Fla.App. 1965, 176 So.2d 587 [Opinion filed June 30, 1965, not yet reported].
Appellant's first point urges that the trial judge erred as a matter of law in holding that the sales tax assessment did not come within the terms of the indemnity agreement. The judge set forth the basis of his conclusion as follows:
"It is the Court's view that paragraph 7 which is the indemnifying clause of the Agreement in question must be read together with the preceding paragraph 6, as it expressly refers to `the aforementioned balance sheets' in paragraph 6. The indemnification for `liabilities of any nature whatsoever' is immediately modified by the clause `which are not reflected in the aforementioned balance sheets' so that the liabilities for which indemnity is provided are liabilities in existence at the time of the balance sheets referred to in the Agreement.
"This action is for subsequently assessed additional sales tax for two of the years prior to the Agreement which were neither known nor reasonably anticipated by either party and, therefore, could not have been listed in the balance sheet at that time, so that they are not covered by the plain language of the Agreement, in my view.
"Secondly, the amount of the subsequently assessed tax of approximately $20,000.00 for which plaintiff sues, in relation to the total transaction of $500,000.00, would not `materially affect the financial condition of the said companies', nor violate the provision that the balance sheets and schedules `substantially state the correct financial condition of the companies.'
"Thirdly, there does not appear to be a genuine issue as to any material fact, as to the intention of the parties that the indemnity was limited as above expressed, based upon the pleadings, exhibits and depositions on file, in event it is necessary to look to the intention of the parties which this Court does not feel is the case and accordingly * * *."
The question of the construction of a contract is usually one of law for the court applying recognized rules of construction. City of Leesburg v. Hall & Harris, 96 Fla. 186, 117 So. 840. Appellant and appellee are agreed that in making such a construction an indemnity agreement is properly construed to give effect to the intention of the parties. Jacksonville Terminal Co. v. Railway Express Agency, Inc., 5th Cir.1962, 296 F.2d 256
*715 In determining whether the trial judge has erred as a matter of law in his construction of the contract, we must be guided first by the language of the contract itself and where the contract is clear and unambiguous there is no reason to go further. Holmes v. Kilgore, 89 Fla. 194, 103 So. 825; Cary & Co. v. Hyer, 91 Fla. 322, 107 So. 684 (1926); Stonebraker v. Reliance Life Ins. Co. of Pittsburgh, 123 Fla. 244, 166 So. 583 (1936). See also cases collected at 27 Am.Jur., Indemnity, § 14.
The question before us resolves itself into a proposition of whether the language of the indemnity contract shows an intention to cover the sales tax deficiencies. It is clear that under this contract the sales tax obligation, to be covered by the indemnity agreement, must have existed at the time that the contract of indemnity was entered into. It is perfectly reasonable, as the trial judge pointed out, to say that neither party knew or anticipated the liability for accrued sales tax. But we do not find in the quoted portions of the indemnity contract or in any other part thereof words which express or imply an intention that the liability must be known to the indemnitor. Indeed, such an interpretation limits the indemnity to a contract to indemnify for fraud only.
It is evident from a reading of the contract itself that the intention of the parties can be determined from the clear and unambiguous term of the contract. The contract provided that the appellee is excused from performing under the indemnity agreement only if (1) the liability is reflected in the balance sheet, or (2) appellant, plaintiff, is not called upon to pay the "liability" for two years after the closing date. The sales tax assessment is not shown to come under either of these exceptions; therefore, it appears to be covered by the indemnity agreement.
The trial judge suggests in the quoted portion of the order that the amount involved in the sales tax assessment is not sufficient to violate the provision that the balance sheets substantially state the correct financial condition of the companies. We find nothing in the contract to indicate that the indemnity agreement was to cover only substantial omitted liabilities. The contract says "any liabilities of any nature whatsoever." We do not think it can be held that because the prior paragraph contained a guarantee that the balance sheets "substantially state the correct financial condition" the following paragraph does not include a $20,000 item, even though the total sale was for a $500,000 purchase price.
We have not discussed the factual matters alleged by the appellee, Butler, in his answer, because we find that they may not be considered at this stage upon the review of the summary judgment entered upon an erroneous construction of the contract. We think it proper to leave the subsequent effect of the factual matters alleged, to the initial consideration of the trial court.
Reversed and remanded.