BLUE, Acting Chief Judge.
Gemini Ventures of Tampa, Inc., seeks reversal of the final summary judgment resulting from the trial court’s finding that the contract sought to be enforced between Gemini and Hamilton Engineering & Surveying, Inc., was a contract which contemplated the unauthorized practice of *1180 law and was thus void and unenforceable. We disagree with the trial court’s interpretation of the contract in question and therefore reverse.
The interpretation of an unambiguous contract is a question of law for the court. Because the decision is a matter of law, this court is on equal footing with the trial court’s interpretation of the contract. See Fla. Mining & Materials Corp. v. Standard Gypsum Corp., 550 So.2d 47, 49 (Fla. 2d DCA 1989). The final summary judgment consisted of the trial court’s analysis of the contract and the finding that it was void as a contract for the unauthorized practice of law. We have reviewed the contract and reach a different conclusion. Although it is a poorly drafted consulting contract, which assigned from Hamilton to Gemini extensive responsibility for condemnation litigation, it is our determination that the contract did not contemplate the unauthorized practice of law.
We, as part of the legal profession, should be ever vigilant to protect the public from those who seek to provide legal services without the requisite training and knowledge. However, we must also recognize that there are people with experience and expertise capable of providing valuable service to persons involved in legal proceedings without crossing the line between legitimate consulting and the unauthorized practice of law. We do a disservice to the public if we prevent access to these services.
Accordingly, we reverse the final summary judgment and remand to the trial court for further proceedings.
GREEN and CASANUEVA, JJ., concur.