# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1100
Lower Tribunal No. 22-1631
_____

**Royal Caribbean Cruises Ltd.,**
Appellant,

vs.

**Ean-Hui Ooi,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Hamilton, Miller & Birthisel, LLP, and Jerry D. Hamilton, Carlos J. Chardon and Michael J. Dono, for appellant.

Lipcon, Margulies & Winkleman, P.A., and Jason R. Margulies, Michael A. Winkleman, and Jacqueline Garcell, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

EMAS, J.

**INTRODUCTION**

Ean-Hui Ooi, an Australian citizen, filed a negligence action in Miami against Royal Caribbean Cruises, Ltd. (Royal Caribbean) alleging that, while a passenger on a Royal Caribbean cruise, she sustained injuries during a shore excursion to a volcano in New Zealand. Royal Caribbean moved to dismiss the action on several grounds, including improper venue based on a forum selection clause in the passenger ticket contract between Ooi and RCL Cruises, Ltd. (RCL), a separate but related United Kingdom entity. The trial court denied Royal Caribbean's motion to dismiss, and this appeal follows.

Royal Caribbean contends, inter alia, that the trial court failed to hold an evidentiary hearing on its motion, and further erred in failing to make an express finding that the forum selection clause does not apply to Ooi's claims or an express finding that enforcement of the clause would be unreasonable or unjust. We find no error in the trial court's order and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2019, Ooi was a cruise passenger aboard the Ovation of the Seas, a vessel operated by RCL, a United Kingdom entity separate from defendant Royal Caribbean. During the cruise, Ooi participated in a shore excursion to the White Island Volcano in New Zealand. Ooi alleges that

2

Royal Caribbean approved the promotion and sale of the excursion, and further alleges that all her arrangements for the shore excursion were made exclusively with Royal Caribbean.

During the excursion, the volcano erupted, and Ooi sustained severe burns;  other passengers also sustained injuries or died from injuries caused by the volcanic eruption. The disaster resulted in numerous lawsuits against Royal Caribbean, filed both in Miami and abroad.  The passenger lawsuits maintain generally that the eruption was foreseeable because, weeks before the accident, the volcano had shown signs that an eruption was likely to occur, e.g., the volcanic alert level was increased to the highest level possible without an actual eruption.

Significant to this appeal, the passenger ticket contract—**between Ooi and RCL**—includes a forum selection clause: "We both agree that any dispute or claim will be dealt with by a court located in New South Wales, Australia to the exclusion of any other state, territory or country."

In December of 2020 (approximately one year after the incident), Royal Caribbean initiated proceedings in the Federal Court of Australia, seeking (1) a declaration that any disputes between Australian passengers would be subject to the exclusive jurisdiction of the courts of New South Wales; and

(2) an anti-suit injunction restraining Australian passengers from pursuing a lawsuit against Royal Caribbean in Florida.

The Australian Court conducted a multi-day evidentiary hearing on the matter, at which Royal Caribbean presented evidence to support its position. Following that hearing, the Australian Court applied the laws of New South Wales in interpreting the Australian passenger ticket contract, and rendered a judgment[1] finding:

• Royal Caribbean was not a party to the Australian passenger ticket contract;

• The passenger ticket contract was limited to RCL and Australian passengers;

• The forum selection clause in the Australian passenger ticket contract did not extend to Royal Caribbean;

Accordingly, it rejected Royal Caribbean's request for an anti-suit injunction pertaining to Australian passengers' lawsuits against Royal Caribbean in Florida.

---

[1] While the foreign judgment was not filed below, the affidavits submitted by Royal Caribbean in support of its motion to dismiss (as well as its briefs on appeal) do not contest the accuracy of Ooi's representation of the Australian Court's proceedings and findings.

4

In January 2022, Ooi filed the underlying Miami lawsuit against Royal Caribbean, ID Tours New Zealand Limited and White Island Tours Limited. In a ten-count complaint, Ooi alleged, in pertinent part:

• <u>Count I</u>: Royal Caribbean is collaterally estopped from arguing that Ooi cannot sue Royal Caribbean in Miami and/or that her claims are limited to RCL and subject to the New South Wales forum selection clause.

• <u>Count II</u>: Royal Caribbean is judicially estopped from arguing that the Australian Court's ruling has no legal force or effect on this matter and/or that RCL (as opposed to Royal Caribbean) controlled all aspects of the sale of shore excursions.

Royal Caribbean filed an "Omnibus Motion to Dismiss Plaintiff's Complaint as a Sham Pleading and to Dismiss With Prejudice for Improper Venue and for Failure to State a Claim." For our purposes, the motion sought dismissal for improper venue based on the forum selection clause in the passenger ticket contract. The motion further sought an evidentiary hearing for the trial court to consider the matter, and attached affidavits from Royal Caribbean directors, generally setting forth the commercial relationship and responsibilities between RCL and Royal Caribbean. Ultimately, the trial court denied the motion without an evidentiary hearing, and this appeal followed.

5

**STANDARD OF REVIEW**

To the extent the trial court's order denying the motion to dismiss for improper venue was based on interpretation of the contract's forum selection clause, this court reviews that determination de novo. Carnival Corp. v. Garcia, 237 So. 3d 1110, 1113 (Fla. 3d DCA 2018) ("As the trial court's order denying Carnival's motion to dismiss was based on the interpretation of the contractual forum selection clause, this Court's standard of review is de novo"). We likewise apply de novo review to an order on a motion to dismiss. W. Bay Plaza Condo. Ass'n, Inc. v. Sika Corp., 338 So. 3d 32, 34 (Fla. 3d DCA 2022) ("[A]n order granting a motion to dismiss [also] presents a pure question of law and is subject to de novo review") (quotation omitted). Accordingly, we accept as true the well-pled and unrefuted allegations of the complaint. See, e.g., Durkovic v. Park W. Galleries, Inc., 217 So. 3d 159, 160 (Fla. 3d DCA 2017) (reviewing dismissal based on venue and accepting as true plaintiff's assertion that he was a seaman under the Jones Act).

**ANALYSIS AND DISCUSSION**

The right to select venue belongs to the plaintiff, and it is the defendant's burden to plead and prove that such venue is improper. Interactive Retail Mgmt., Inc. v. Microsoft Online, L.P., 988 So. 2d 717, 720 (Fla. 2d DCA 2008). However, where the relevant parties executed an

agreement with a forum selection clause, such clause is presumed valid and the party seeking to avoid its application bears the burden "to establish that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Steiner Transocean Ltd. v. Efremova, 109 So. 3d 871, 873 (Fla. 3d DCA 2013).

A plain reading of the passenger ticket contract supports the trial court's order denying Royal Caribbean's motion to dismiss for improper venue. The passenger ticket contract was not between Ooi and Royal Caribbean, but rather was between Ooi **and RCL**, a separate entity. The forum selection clause provides: "We both agree that any dispute or claim will be dealt with by a court located in New South Wales, Australia to the exclusion of any other state, territory or country." (Emphasis added). The plain language establishes that the forum selection clause applied to the signatories, RCL and Ooi, and did not extend to Royal Caribbean.

In addition, Royal Caribbean was not entitled to an evidentiary hearing where the affidavits it submitted failed to place a relevant fact in dispute. Where a defendant's motion to dismiss based on improper venue raises a disputed issue of fact bearing on the question, such an issue generally must be resolved in an evidentiary hearing. See, e.g., Interactive Retail Mgmt., 988 So. 2d at 721 (holding that because there were disputed issues of fact

7

concerning the existence of a valid and enforceable forum selection clause, the trial court should have held an evidentiary hearing before granting the motion to dismiss for improper venue); Leatherwood v. Cardservice Int'l, Inc., 885 So. 2d 997, 998 (Fla. 4th DCA 2004) (holding that a factual dispute concerning the enforceability of a forum selection clause required reversal of an order dismissing the complaint and remand for an evidentiary hearing). However, no evidentiary hearing is required if the affidavits do not create a factual dispute, or if the factual dispute created by the affidavits is not relevant to the question to be decided by the trial court. Sayers Constr., LLC v. Timberline Constr., Inc., 306 So. 3d 275, 278 n. 6 (Fla. 3d DCA 2020) (in the context of adjudicating a motion to dismiss for lack of personal jurisdiction, the trial court was not required to hold an evidentiary hearing where defendant's affidavit did not create a factual dispute because it did not contradict the allegations in the complaint). See also Woodruff-Sawyer & Co., v. Ghilotti, 255 So. 3d 423, 427 (Fla. 3d DCA 2018) (citing Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 503 (Fla. 1989) (explaining that, in the context of adjudicating a motion to dismiss for lack of personal jurisdiction, where the competing affidavits can be harmonized, the trial court can adjudicate the motion based upon facts which are essentially undisputed; however, where the relevant facts set forth in the respective

8

affidavits are in direct conflict, a limited evidentiary hearing will be required to resolve the factual disputes)).

The complaint in this case specifically described the Australian proceedings and alleged application of collateral estoppel and res judicata because: the Australian Court, on Royal Caribbean's behest, held that Royal Caribbean was not a party to the passenger ticket contract and thus the forum selection clause did not extend to claims filed against it. The Australian Court further rejected Royal Caribbean's request for a declaration that "any disputes between Australian passengers would be subject to the exclusive jurisdiction of the courts of New South Wales; and an anti-suit injunction retaining Australian passengers from pursuing a lawsuit against [Royal Caribbean] in Florida." Royal Caribbean's affidavits do not refute these allegations.

Furthermore, the construction of an unambiguous provision in a contract is a question of law for determination by the court. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 131 (Fla. 2000) ("Where the determination of the issues of a lawsuit depends upon the construction of a written instrument and the legal effect to be drawn therefrom, the question at issue is essentially one of law only"); DEC Elec., Inc. v. Raphael Const. Corp., 558 So. 2d 427, 429 (Fla. 1990) ("Ordinarily

the interpretation of a written contract is a matter of law to be determined by the court") (citing <u>Peacock Constr. Co. v. Modern Air Conditioning, Inc.</u>, 353 So. 2d 840, 842 (Fla.1977) and <u>City of Leesburg v. Hall</u>, 96 Fla. 186, 191, 117 So. 840, 841 (Fla. 1928)); <u>Gemini Ventures of Tampa, Inc. v. Hamilton Eng'g & Surveying, Inc.</u>, 784 So. 2d 1179, 1180 (Fla. 2d DCA 2001) ("The interpretation of an unambiguous contract is a question of law for the court.") The affidavits submitted by Royal Caribbean thus had no bearing on—and did not create a relevant factual dispute regarding— the trial court's purely legal determination that the forum selection clause, by its plain and unambiguous terms, applied only to RCL and Ooi, and did not extend to Royal Caribbean.

In fact, the affidavits filed by Royal Caribbean were offered in support of a separate and distinct basis for which it sought dismissal: that Royal Caribbean was not a **<u>proper party</u>** to the lawsuit filed by Ooi, because the passenger ticket contract obligated only RCL, and not Royal Caribbean.[2]

---

[2] We do not address whether Royal Caribbean (as opposed to RCL) is a proper party to the negligence claim filed by Ooi. In addition, given our disposition of this appeal, we do not address whether the principles of res judicata and collateral estoppel apply in this case. <u>Fernandez v. Cruz</u>, 341 So. 3d 410, 414 (Fla. 3d DCA 2022) (setting forth the elements of res judicata and collateral estoppel: "[T]he term 'parties' has been broadly interpreted to include more than just record parties—so that, for example, a person in privity with a record party, as well as a person who controls for his own interest a record party, may invoke the doctrine of res judicata or collateral

Because Royal Caribbean's affidavits failed to present a disputed factual issue related to the trial court determination that the forum selection clause did not apply to the instant lawsuit filed by Ooi against Royal Caribbean, no

---

estoppel. Privity, in turn, has been defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right. Synthesizing these definitions, **[f]or one to be in privity with one who is a party to a lawsuit ..., one must have an interest in the action such that she will be bound by the final judgment as if she were a party.** In other words, one party may be said to be a privy of another where the right to recover is dependent upon the right of recovery of the plaintiff in the prior action.") (Emphasis added).

To the extent that principles of comity apply to these circumstances, they would appear to weigh in favor of affirming the decision of the trial court. Amezcua v. Cortez, 314 So. 3d 666, 669 (Fla. 3d DCA 2021) (quoting Cermesoni v. Maneiro, 144 So. 3d 627, 629 (Fla. 3d DCA 2014) (emphasis added)) ("In Florida, recognition of international final foreign judgments is governed by statute, while general principles of comity allow for the discretionary enforcement of certain interlocutory rulings. . . . [C]ourts have repeatedly approved the enforcement in Florida of temporary injunctions issued by foreign courts.") See also Armand v. Amisy, 316 So. 3d 740, 742-43 (Fla. 3d DCA 2021) ("[A]s a general rule, ... the final judgments of courts of a foreign country are subject to recognition and enforcement in this country ...."); Nahar v. Nahar, 656 So. 2d 225, 229 (Fla. 3d DCA 1995) ("[A]ny foreign decree should be recognized as a valid judgment, and thus be entitled to comity, where the parties have been given notice and the opportunity to be heard, where the foreign court had original jurisdiction and where the foreign decree does not offend the public policy of the State of Florida."); Restatement (Second) of Conflict of Law § 102 cmt. g (Am. Law Inst. 1971). Royal Caribbean does not assert it was denied due process in the Australian proceedings; indeed, it does not dispute the findings of the Australian Court in this appeal.

evidentiary hearing was necessary.[3] <u>Florida High Sch. Athletic Ass'n, Inc. v. Johnson</u>, 279 So. 3d 794, 796 (Fla. 3d DCA 2019) (quoting <u>Tobin v. A&F Eng'g</u>, 979 So. 2d 967, 968 (Fla. 3d DCA 2008) ("'[W]hen a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiff's venue selection, the defendant is arguing that, as a matter of law, the lawsuit has been filed in the wrong forum.' Where the facts relating to such venue motion are in dispute, the trial court shall hold an evidentiary hearing to resolve the factual dispute and then make a legal determination on venue") (additional quotations omitted). <u>See also</u> <u>Affinity Internet Inc. v. Consol. Credit Counseling Servs.</u>, 920 So. 2d 1286, 1289 (Fla. 4th DCA 2006) ("No evidentiary hearing was required because no factual issues were in dispute and the issue of whether a valid arbitration agreement existed was a matter of law"); <u>Houchins v. King Motor Co. of Fort Lauderdale, Inc.,</u> 906 So. 2d 325, 329 (Fla. 4th DCA 2005) (noting that, where there are disputed issues regarding the existence of an agreement to arbitrate, the court is required to conduct an evidentiary hearing where there are disputed issues of fact; however, "where the evidence is undisputed, no evidentiary hearing is necessary").

---

[3] Tellingly, nowhere in the seventy pages of appellate briefs filed by Royal Caribbean does it point to a specific, relevant issue of fact that was placed in dispute and required the trial court to conduct an evidentiary hearing.

12

Finally, a review of the record establishes that Royal Caribbean failed to raise below the argument it now makes on appeal—that it could enforce the forum selection clause *as a non-signatory* or, relatedly, that an evidentiary hearing was necessary to determine whether the relationship between it and RCL was such that Royal Caribbean could enforce the forum selection clause *as a non-signatory*. See EcoVirux, LLC v. BioPledge, LLC, 357 So. 3d 182, 187 (Fla. 3d DCA 2022) ("Because the claims stem directly from the contract and the commercial relationship of the parties relates to the agreement itself, the non-signatories to the agreement, the Barangas, are equally entitled to enforce the forum selection provision.") Quite to the contrary, Royal Caribbean contended in its omnibus motion to dismiss that it was **not a proper party** to the lawsuit filed by Ooi, because Ooi entered into the passenger ticket contract with RCL, not with Royal Caribbean.

Because Royal Caribbean failed to argue to the trial court that it could enforce the ticket contract's forum selection clause as a non-signatory (or that an evidentiary hearing was necessary to resolve disputed facts regarding the commercial relationship between RCL and Royal Caribbean), this claim has not been properly preserved and cannot be raised for the first time on appeal. See, e.g., Venezia v. Wells Fargo Bank, N.A., 306 So. 3d 1096, 1098 (Fla. 3d DCA 2020) (observing that, generally, the failure to

13

properly raise and preserve a claim in the trial court waives the issue on appeal) (citing Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) and Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638 (Fla. 1999)).

## CONCLUSION

We hold that the failure of the trial court to conduct an evidentiary hearing was not erroneous because there were no factual issues in dispute regarding the question of the applicability of the forum selection clause to the underlying lawsuit filed against Royal Caribbean. Additionally, Royal Caribbean's argument that it was entitled to enforce the forum selection clause as a non-signatory (and that an evidentiary hearing was required to resolve disputed factual issues regarding that question) was not preserved below. We find no merit in the remaining arguments advanced by appellant.

Affirmed.