BARKDULL, Judge.
Appellant, plaintiff below, brought the original action seeking a determination of its rights under a written easement agreement, covering an “arcade way” under the south Y2X/2 feet of the Urmey Hotel, located in Miami, Florida. Said agreement was between its predecessor in title, Urmey Hotel Company, and the appellee, City of Miami, wherein the City of Miami was granted a 12}4 foot easement, “ * * * for the use and benefit of the public for sidewalk purposes.” The agreement, in part, is as follows:
“That, for and in consideration of the covenants herein contained, the party of the first part does hereby grant unto the party of the second part a twelve and a half (12)4) foot easement for the use and benefit of the public for sidewalk purposes. Said twelve and a half (12)4) foot easement way, located in the City of Miami, County of Dade and State of Florida, is described as follows, to-wit:
“The South Twelve and a half (12)4) feet of Lots Seventeen (17), Eighteen (18), Nineteen (19) and Twenty (20), and the South Ten (10) feet of Lot Sixteen (16), all in Block 121 North of the City of Miami, according to a plat thereof recorded in Plat Book “B”, Page 41, Public Records of Dade County, Florida,
reserving unto the party of the first part the reversion or reversions thereof whenever the use for sidewalk purposes is discontinued or upon the breach of any of the covenants and conditions hereof.
sfs H*
“That the present arcade over the sidewalk (the easement way herein provided) complies with this easement agreement and all of its conditions;
* * % # ifc
“That the party of the second part accepts the sidewalk in its present condition and state of repair and covenants and agrees to keep said sidewalk in good condition and repair at all times *610 at its own expense, responsibility and liability;
“That the party of the second part assumes and agrees to pay its prorata share of current taxes and future taxes, as well as its prorata share of existing municipal liens and future municipal liens.”
After hearing the merits, the lower court decreed the appellant was entitled to a refund of $240.76 paid by it to discharge a sidewalk lien, as said lien was within the City’s obligation to maintain the sidewalk in good repair at its own expense. That so long as the City and County exempt the easement from assessment by exempting the arcade cubage from taxation, that this was within the contemplation of the parties to the easement agreement regarding the pro-rata share of the taxes which the City assumes and agrees to pay.
In reviewing the easement agreement in the instant case, we find the language to be clear, concise and unambiguous. As such, it is not the function of the court to make, remake or alter a contractual agreement for the parties [5 F.L.P., Contracts, § 63], but it is the duty of the court to give effect to the terms of the agreement as stated therein. 7 Fla.Jur., Contracts, § 74; 5 F.L.P. § 64.
In giving effect to the agreement, in light of the foregoing, we hereby affirm that portion of the decree of the chancellor providing for a refund of $240.76, the amount constituting the sidewalk lien. However, we must reverse that portion of the decree holding that the exempting of the arcade cubage from taxation complied with that portion of the agreement wherein the City of Miami assumed and agreed to pay its prorata share of current and future taxes and municipal liens. In the agreement, the City convenanted and agreed to pay its prorata share of the taxes [both City and County, which included the land and the improvements] and, therefore, must be compelled by the very terms of the agreement to do so.
We find the appellant’s contention, .that it is entitled to an exemption from taxation on its land to the extent of the easement used for public purposes, is without merit for the agreement clearly illustrates the parties’ recognition that the land was taxable by containing an express provision for the payment of those taxes.
Based on the foregoing, we hereby affirm in part and reverse in part, and remand for purposes of determining the liability of the City for its prorata share of the taxes assessed by the City and County against the appellant’s property. This does not, however, preclude the City or the County from exempting from taxation not only the arcade cubage, but also the land area included in the easement agreement, and discharging the City’s obligation in this manner.
Affirmed in part; reversed in part with directions.