PER CURIAM.
This is a second appeal[1] in a case which involves interpretation and application of an agreement by the appellant City “to pay its pro rata share of current taxes and future taxes” on certain property owned by the appellee hotel company in downtown Miami, on part of which the City maintains a sidewalk, and over which sidewalk (above the first story) the company’s multi-story hotel building extends. A fuller understanding of the factual situation can be had by referring to our opinion on the first appeal (140 So.2d 608), on which we remanded the cause “for purposes of determining the liability of the City for its pro rata share of the taxes assessed by the City and County against the * * * property.”
On proceedings had after remand, the chancellor entered the decree from which the city now has appealed, viz.:
“This cause came on to be heard upon the plaintiff’s Motions for the Entry of a Decree on the Mandate and Taxation of Costs. The Court heard testimony, considered the prior record and arguments, and being advised in the premises, it is, upon consideration,
“Ordered as follows:
“1. It is the plaintiff’s position in its Motion for the Entry of a Decree on the Mandate (of the Third District Court of Appeal) that the pro-rata share of taxes to be paid by the defendant City of Miami under the easement agreement between the City and the plaintiff’s predecessor is that share of the annual City and County taxes represented by the ratio between the sidewalk area (excluding the area occupied by the columns) and the total land area on which the hotel is situated. Inasmuch as both the City and the County have separately assessed the land (as distinguished from the building) it is a mere arithmetic computation to determine what such pro-rata share of those taxes is for any given year. These computations have been made a part of the record in this case and the Court approves the same.
“2. The Court finds that the City of Miami owes the plaintiff the sum of Three Thousand Three Hundred Seventy-three and 60/100 ($3,373.60) Dollars as the City’s pro-rata share of the City of Miami taxes on the property covering the period from July 20, 1954, (the date of the plaintiff’s acquisition of title to the subject property) through the calendar year 1962.
“3. The Court finds that the defendant City of Miami owes the plaintiff the sum of Nine Thousand Four Hundred Ninety-seven and 41/100 ($9,947.41) Dollars for the City’s pro-rata share of Dade County Taxes on the property covering the period from July 20, 1954 through the calendar year 1962.
“4. The Court finds that the defendant City of Miami owes to the plaintiff the sum of Two Hundred Forty and 21/100 ($240.21) Dollars on the City of Miami sidewalk lien.
“5. The Court finds that the defendant City of Miami owes to the plaintiff the sum of Fifty-eight and 84/100 ($58.84) Dollars as interest on said sidewalk lien at the rate of six (6) per *198 cent from November 10, 1958 to December 10, 1962.
“6. The Court finds that the plaintiff is entitled to recover costs in the sum of Five Hundred Fifty-two and no/100 ($552.00) Dollars which includes those costs in the plaintiff’s Affidavit of costs and an allowance of One Hundred and no/100 ($100.00) Dollars for M. B. Newman as an expert witness in the above styled cause.
“7. It is the Court’s conclusion that the plaintiff is not entitled to recover interest on the amount due by the City of Miami under its obligation to pay its pro-rata share of taxes under the easement agreement.
“8. The Court finds therefore and it is this Court’s Order that the plaintiff, Claughton Hotels, Inc., do have and recover of and from the defendant City of Miami the sum of Thirteen Thousand Seven Hundred Twenty-two and 6/100 ($13,722.06) Dollars, the total of the above enumerated items.”
The appellant contends, and we agree, that to require the City to pay the full tax (based on the land assessment valuation) on the portion of the lot comprising the sidewalk, is not a proper construction and application of the City’s agreement to pay its pro rata share of the taxes assessed against the property, in that it fails to take into account the fact that by having the upper stories of the building extend over the sidewalk area, the company makes use thereof.
The chancellor duly noted the fact that in the assessment procedures used, separate valuations were placed on the land and on the improvements thereon. In measuring the City’s pro rata part of the taxes on the property the chancellor looked only to the land valuation and held the City should pay the part of the taxes attributable to the land valuation which the sidewalk area bore to the entire lot. No objection has been made to that manner of arriving at the pro rata taxes to be paid by the City, but objection is made to the amount the chancellor determined should be paid. It is properly recognized by the chancellor that the City was making no use of the building and should not be called upon to pay any portion of the taxes attributable thereto. It appears, however that the company as well as the City makes some use of the part of the lot in question.[2]
The owner of a parcel of land is entitled to the control and use the space above it, and such use may be of material value. Here the City and the company share in the use of the “sidewalk” part of the lot, in that each has a degree of domination over it. The City controls and dominates the material property as to its surface use, and the company dominates it by using it as a base for a portion of its building in the super-adjacent air space. See Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 at 626 ; 73 C.J.S. Property § 13b.(2) (a), pp. 193-194.
We hold, therefore, that the decree should be modified, upon further hearing, on the record as made and on additional evidence if presented, to make some reduction of the amount decreed to be paid by the City as its “pro rata share of the taxes,” as the chancellor shall determine to be appropriate because of the company’s use of the “sidewalk” portion of the lot through having part of its building extend over the same. In other respects tire decree is affirmed, including tire provision challenged on cross-assignment.
Accordingly the decree appealed from is affirmed in part and reversed in part, and the cause is remanded with directions to modify the decree as indicated.
Affirmed in part, reversed in part and remanded.

. See Claughton. Hotel, Inc. v. City of Miami, Fla.App.1962, 140 So.2d 608.

. The sidewalk area of the lot is an arcade walkway, open on the street side. Above it, and beginning at the second story, the hotel building which covers all of the lot extends out to the street line, supported there by pillars.