PER CURIAM.
This is the third appearance of this case in this court. The first was reported in Claughton Hotels, Inc. v. City of Miami, Fla.App.1962, 140 So.2d 608, wherein we held that the City was bound by contract to pay the Claughton Hotels a pro rata share of the City and County taxes. Upon remand, the court (in December of 1962) adjudicated that the liability of the City was approxiamtely $3,300.00 for City taxes and $10,000.00 for County taxes for the period 1954 through 1962. From our previous opinion, it is noted that the City had exempted a portion of the premises from its taxes prior to the institution of this suit.
Following the entry of the decree on mandate in December of 1962, the City appealed and this resulted in the second opinion of this court, found in City of Miami v. Claughton Hotels, Inc., Fla.App.1963, 157 So.2d 196, wherein we held that the court’s award was too high and remanded the case to the chancellor to consider a reduction. Thereafter, the cause came on to be heard for an order on the second mandate, resulting in the order here under review dated March 10, 1964, wherein the chancellor reduced the previous award [as made in December of 1962] by 25%. We affirm.
The City contends that the chancellor erred in failing to grant it a continuance because of the illness of a prime witness. An examination of the proffer of the proposed witness’ testimony reveals that even if same were appropriately before the chancellor it would have been within his discretion, because of the evidence adduced before him, to arrive at the 25% reduction. Therefore, even if he erroneously refused to grant the continuance it would, at most, have been harmless error. There being sufficient competent evidence to support the order, same should be affirmed.
Because this is a continuing obligation of the City, we would like to spell out the *78 formula to be considered in arriving at the City’s liability under the agreement. The order of December, 1962 adjudicated that the City was liable for $13,722.06. This apparently was determined from computations contained in a memorandum submitted to the court (which is found on pages 221 and 22 of the record on appeal). This award constituted 13.84% of the total land assessment value, both City and County. The chancellor, in the order here under review, reduced this award by 25% to $10,-841.80 which, in effect, reduced the pro rata share of the City’s liability to 10.38% of the taxes assessed on the land value, both City and County.
Therefore, for the reasons stated above, the order here under review is hereby affirmed.
Affirmed.