OWEN, Judge.
After a general contractor had completed construction of a highrise apartment building and the same had been accepted'by the owner and its architect, the owner brought suit against the general contractor alleging that under the construction contract the general contractor was liable for certain alleged defects in the building. Because the alleged defects involved work performed by certain subcontractors, they were named as third party defendants by the general contractor. Plaintiff appeals from a summary judgment entered against it.
We conclude from the record that there exists certain genuine issues of material fact which must be tried, and hence it was error to dispose of the case by way of summary judgment.
The contract provided that any changes in plans and specifications made by the contractor without the owner’s prior written consent would be at the contractor’s sole risk, even as to changes required by governmental authority. One such change was made without the owner’s prior written consent. A fact issue exists as to whether there was a waiver of this provision. Cf. Doral Country Club, Inc. v. Curcie Brothers, Inc., Fla.App.1965, 174 So.2d 749. If this contract provision was not waived, the language being clear, concise and unambiguous, the court should give effect to it. Claughton Hotels, Inc. v. City of Miami, Fla.App.1962, 140 So.2d 608.
The plaintiff also complained that the ventilator shafts were unreasonably noisy. All parties conceded that these had been properly installed with specified materials and proper workmanship, and that the noise, if any, was the result of the design as contained in the plans and specifications furnished by the plaintiff owner. Ordinarily the contractor would have no responsibility under such circumstances. See Annotation, 6 A.L.R.3d 1394; 13 Am.Jur. 2d, Building and Construction Contracts, § 28. An exception is made, however, where a contractor expressly warrants that the plans and specifications are sufficient or free from defects, or expressly guarantees against the defect alleged. 13 Am. Jur.2d, Building and Construction Contracts, § 28. In this case, the contract expressly provided that the contractor would guarantee all machinery, equipment, accessories and connections to operate without undue vibrations, pulsations or objec-tional noise, and also provided that whether or not a noise was objectionable would be decided by the owner. Thus, merely because the contractor constructed the ventilator shafts according to the plans and specifications supplied by the owner would not relieve the contractor of responsibility for the noise if the parties intended for the contractual guarantee to apply to the ventilator shafts as part of the machinery, equipment, accessories and connections. This does not appear to be so clear and unambiguous as not to admit of conflicting inferences. Cf. Royal American Realty, Inc. v. Bank of Palm Beach & Trust Co., Fla.App.1968, 215 So.2d 336.
Plaintiffs also claim that the well water used in operation of the air conditioning system did not meet the contract requirement of “clean, good quality salt water” because the water was contaminated with hydrogen sulphide. A fact issue remains as to whether the water produced by the wells drilled by the contractor met the necessary qualitative standard set by the parties.
The summary judgment is reversed and this cause remanded for further proceedings.
Reversed.
REED, C. J., and WALDEN, J., concur.