382 So.2d 1239 (1980)
Walter D. FULLER, Roberta Timmerman and the Ohio Casualty Insurance Company, an Ohio Corporation, Appellants,
v.
Mildred Elizabeth RINEBOLT and Guy S. Rinebolt, Her Husband, Appellees.
No. 78-823.
District Court of Appeal of Florida, Fourth District.
March 26, 1980.
Rehearing Denied May 22, 1980.
Robert J. DiMauro of Anderson & Anderson, P.A., Fort Lauderdale, for appellants.
Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellees.
*1240 HERSEY, Judge.
This action arose out of an automobile accident which occurred on October 19, 1975 at the intersection of South Andrews Avenue, a four-lane north-south highway, and 17th Street, a four-lane east-west highway in Fort Lauderdale. Appellant, Roberta Timmerman, defendant below, was traveling in a westerly direction on 17th Street at a slow rate of speed, and appellee, Mildred Rinebolt, plaintiff below, was traveling in an easterly direction on 17th Street at a slow rate of speed. The appellant proceeded to make a left turn onto South Andrews Avenue, at which point the vehicle driven by appellee collided with the vehicle driven by appellant. Neither the parties nor any witness could explain exactly why the accident happened. Appellee, Mildred, suffered injuries and brought an action against the appellant and her insurance company.
This appeal was taken from a final judgment entered pursuant to a jury verdict awarding the appellee, Mildred, $15,600.00 and appellee's husband, Guy, $2,500.00. The jury found the appellant one hundred percent negligent and the appellee, Mildred, not negligent. The medical testimony established a fifteen percent permanent disability of appellee's left hand.
It should be noted at the outset that neither the question of the sufficiency of the evidence to support the verdict nor the question of whether the verdict is against the manifest weight of the evidence has been raised by appellants. The briefs are similarly silent on the issues of the extent of plaintiff's injuries and the amount of damages.
The main thrust of appellants' attack on the judgment and the post trial orders denying a motion for new trial, a motion for remittitur and a motion for judgment notwithstanding the verdict is that the cumulative effect of several errors was "such as to deny to defendant the fair and impartial trial that is the inalienable right of all litigants in this state and in this nation." In order to evaluate the cumulative effect of the errors noted by appellants it is necessary to review each of them and then to assess the impact which collectively they might have had upon the jury.
One of appellants' witnesses, a policeman, had been subpoenaed to testify at trial. At one point during the trial he was in the courthouse but became ill. The court took precautions to accommodate the situation, offering to put the policeman on the stand at appellants' convenience. At some point the policeman left the courthouse and was not available to testify. Appellants moved for a mistrial. The motion was denied. Appellants now contend that the trial court should have treated the motion for mistrial as a motion for continuance. Appellants did not actually move for a continuance, nor was there even a proffer of testimony. It was incumbent upon appellant to show the subject matter of the policeman's testimony and that it would not be cumulative. Smith v. State, 59 So.2d 625 (Fla. 1952). Percznski v. State, 366 So.2d 863 (Fla.4th DCA 1979). Assuming that the motion for mistrial was the equivalent of a motion for continuance, the trial court has wide discretion to grant such a motion and, where no prejudice is shown, may properly deny it. Riggins v. State, 283 So.2d 878 (Fla.1st DCA 1973), City of Miami v. Claughton Hotels, Inc., 170 So.2d 77 (Fla.3rd DCA 1964).
Appellants maintain that the police officer was the only independent witness to observe the physical evidence at the accident scene. In the absence of the police officer the appellant, Roberta Timmerman, drew a diagram of the intersection where the accident occurred. Appellants contend that the police officer could have prepared a much more accurate diagram. There was no evidence nor even an allegation as to any physical feature present at this intersection so unique that it might have had a bearing on the issue of liability. If such a unique physical feature did exist, then certainly the defendant would have been aware of it and could have included it on her diagram. Moreover, appellants do not argue the existence of any such unique physical feature nor do appellants point out any fact to which the police officer could have testified *1241 that would have made any difference to the jury. The appellants having made no proffer in the trial court and having made no showing on appeal that such a proffer would have revealed evidence that was not otherwise available, it was not error to deny the motion for mistrial.
Appellants, noting the failure of appellees' counsel to timely produce a witness list, further contend that the trial court committed reversible error by permitting two witnesses whose names were not on the witness list to testify. The authorities cited in appellants' own brief recite the elementary rule that the trial court has broad discretion in determining whether or not to allow a witness to testify where the opposing party has not had prior notice as to his identity. The Second District Court of Appeal, in the case of Colonnel v. Mitchels, 317 So.2d 799 (Fla.2nd DCA 1975) pointed out that while the lower court may exclude the testimony of a witness if the testimony is prejudicial to a party, the testimony should be allowed in the absence of a showing of such prejudice. The trial court is in a much better position than the appellate court to determine whether the testimony of a witness constitutes surprise or is in some other manner prejudicial. The trial court was in a position to assess the impact of the testimony on the jury and apparently found no such prejudice. We find no error.
Appellants next contend that the trial court erred by admitting into evidence a diagram drawn during the trial by appellant, Roberta Timmerman, and subsequently altered by appellees' counsel over appellants' objection. Nowhere do appellants point out how the diagram or its alteration could have misled the jury. No abuse of discretion is shown.
It is further contended that the trial court committed reversible error by commenting upon the diagram drawn by the defendant, Roberta Timmerman, in such a manner as to lead the jury to believe that the diagram was a correct representation of the intersection. The only comment reflected in the transcript shows that the testimony was responsive to a remark by appellants' counsel that there was a problem with the diagram. The court said: "She's got it pretty close. See where her dotted line is?" This comment referred not to the correctness of the diagram but simply to the correctness of the dotted line illustrating the path taken by the vehicle. We find no error.
Lastly, appellants argue that four comments made by appellees' counsel in the presence of the jury severely prejudiced the case to such a degree that the trial court committed reversible error in allowing the statements to be made. No useful purpose would be served by considering each of the remarks in context and in detail. Suffice it to say that objections were properly sustained and we find no error. The personal references to the jury by appellees' counsel in closing argument were improper, but they did not constitute a "golden rule" argument.
The question remains, however, whether the cumulative effect of the alleged errors denied appellants a fair and impartial trial. We think not. No reversible error has been demonstrated and while the cumulative effect of several rulings bordering on error might under appropriate circumstances deprive a party of a fair and impartial trial justifying reversal, that is not the case here.
The final judgment and the orders on motions are affirmed.
AFFIRMED.
CROSS, SPENCER C., Associate Judge, concurs.
DAUKSCH, JAMES C., Jr., Associate Judge, concurs in conclusion only.