PER CURIAM.
Appellant, defendant in the trial court, seeks review of an order of the trial court denying her motion for a continuance. The action in the trial court sought recovery of a deposit on the purchase of real property.
*769 The appellees entered into a contract to purchase a residence from the appellant for $155,000. To that end they paid a $10,000 deposit. The contract for sale and purchase contained the following clause:
“ * * * purchaser agrees to use his best efforts to secure at his own expense a conventional first mortgage or not less than $120,000 for not more than 10.5% and 3 points and for not less than 28 years. Purchaser to apply for said mortgage within 10 working days of acceptance of this contract. It is agreed that if the purchaser is unable to secure the above-mentioned first mortgage within 60 days after submitting a signed application, then the parties hereto may cancel this agreement and authorize the escrow agent, in writing, to return the deposit to the purchaser. The balance of the purchase price is to be paid in cash or cashier’s check at the time of closing.” [1]
The appellees were unable to secure financing in part because of poor credit, and in part because the purchase price greatly exceeded the assessed value of the residence. On January 29, 1990, the appellees being unable to secure financing, exercised their option to cancel the agreement and sought return of their deposit, which was denied to them unless they paid $2,500. Consequently, the appellee, as plaintiff, on February 28, 1990, filed the instant suit seeking return of their $10,000 deposit. The appellant, Rodell, engaged three different law firms, until A.J. Goodman answered the complaint on May 22, 1990. He represented the defendant until Oct. 29, 1990. The case was noticed for a non-jury trial on July 19, 1990, and was set for trial on Nov. 6,1990. On Oct. 25,1990, the firm of Quinton, Lummus, et al. filed a notice of appearance. They moved for a continuance for time to complete discovery on October 26, 1990, which was granted ex parte, apparently in error on October 30, 1990. Ap-pellee’s counsel, upon receiving notice of the order resetting trial until December 26, 1990, filed an objection thereto, and moved to vacate the order. At hearing on their motion on November 5, 1990, one day before the trial was to commence, Rodell’s counsel, as an additional ground for continuance alleged Rodell had health problems which precluded her from attending the trial on November 6, 1990. The trial court denied the motion for continuance and scheduled trial for November 6, 1990. The cause was tried in the defendant’s absence, resulting in a judgment for the plaintiff in the amount of $10,000, plus interest and costs in the amount of $861. The trial court reserved jurisdiction for determining attorney’s fees. The appellant contends the trial court abused its discretion in denying the motion for continuance, and in proceeding to trial and final judgment in absence of the appellant, defendant.
The appellees contend, and we agree, that on the state of this record it was not an abuse of discretion to deny the motion for continuance and that the trial court should be affirmed on the authority of Behar v. Southeast Banks Trust Co., N.A., 374 So.2d 572 (Fla. 3d DCA 1979); Stern v. Four Freedoms National Medical Services, Co., 417 So.2d 1085 (Fla. 3d DCA 1982); Fuller v. Rinebolt, 382 So.2d 1239 (Fla. 4th DCA 1980).
Affirmed.

. Addendum to contract for sale and purchase. Record, Page 8.