609 So.2d 105 (1992)
Jack P. ATTIAS, Appellant,
v.
FAROY REALTY COMPANY, a Florida Corporation, Emilio Faroy and Adriana Faroy and Adriana Faroy, a/k/a Adriana Creel, Appellees.
No. 92-800.
District Court of Appeal of Florida, Third District.
November 24, 1992.
Jack P. Attias, in pro. per.
Harold M. Braxton, Miami, for appellees.
Before HUBBART, COPE and GODERICH, JJ.
*106 PER CURIAM.
Jack P. Attias appeals a final order dismissing his action for attorney's fees against defendants Faroy Realty Company, Emilio Faroy and Adriana Faroy. We reverse.
First, defendants' motion to dismiss contended that Attias should have pursued attorney's fees by means of charging liens Attias filed in the litigation in which he represented defendants. This was an affirmative defense which did not appear on the face of plaintiff's complaint. This affirmative defense, therefore, could not be raised by motion to dismiss, for the motion required the court to consider matters outside the four corners of the complaint. See Fla.R.Civ.P. 1.110(d); Henry P. Trawick, Trawick's Florida Practice and Procedure § 10-4, at 174 (1991 ed.).
Second, the charging lien is a security device which allows the attorney to recover fees by imposing a lien on a judgment or settlement obtained by his efforts for his client. See Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 90-92 (Fla. 3d DCA 1987), review denied, 525 So.2d 879 (Fla. 1988); see also Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla. 1983).
Here the plaintiff alleges that there was an agreement to employ him as an attorney on an hourly basis. Plaintiff has elected not to pursue the charging liens.[*] Instead he has brought suit against defendants for breach of a written contract, quantum meruit, and account stated. We know of no rule which prevents the attorney from abandoning the charging lien and proceeding against the former clients on ordinary contract principles.
The order under review is reversed and the cause is remanded for further proceedings.
NOTES
[*] The record does not reveal the reason for this, but a logical explanation would be that there were no proceeds accruing to the benefit of Attias' clients in the original actions.