PER CURIAM.
Lucien Ulrich appeals judgments in favor of Paul Berton and International Tele-Coin Company, Inc. [ITC], following a non-jury trial. Monique Ulrich appeals the judgment in favor of ITC.
In his complaint against Lucien Ulrich, ITC, and others, Berton requested a jury trial. ITC filed a cross-claim against Lucien and Monique Ulrich. Berton and ITC en *377 tered into a stipulation requesting that the court remove the case from the jury trial docket and set the ease for a non-jury trial. The court granted their motion. Lucien Ul-rich filed a motion seeking a delay of trial; he contended that illness precluded his appearance. The trial court denied the motion, the Ulrichs did not appear for trial and thé court entered a default against Lucien Ul-rich. Following a joint trial on the main claim and the cross-claim, the court entered judgments in favor of Berton and ITC. The Ulrichs appeal.
We reverse the judgments against Lucien Ulrich on Berton’s claim and ITC’s cross-claim and remand for a jury trial on damages. The record does not disclose that Ulrich consented to a non-jury trial following Berton’s demand for jury trial. “A demand for trial by jury may not be withdrawn without the consent of the parties.” Fla.R.Civ.P. 1.430(d); Curbelo v. Ullman, 571 So.2d 443, 444 (Fla.1990); Barge v. Simeton, 460 So.2d 939 (Fla. 4th DCA 1984); Jayre Inc. v. Wachovia Bank & Trust Co., 420 So.2d 937 (Fla. 3d DCA 1982). As to Ulrich’s second issue on appeal, we find no abuse of discretion in the trial court’s denial of his pro se continuance motion. See Rodell v. Gallagher, 583 So.2d 768 (Fla. 3d DCA 1991).
We reverse the judgment entered against Monique Ulrich on ITC’s cross-claim. Because Monique did not consent to the withdrawal of the jury trial demand, she is entitled to a new trial. Although the trial court noted Monique’s failure to appear for trial, it did not enter a default against her. Accordingly, she is entitled to a new trial on all issues. See Barth ¶. Florida State Constructors Serv., Inc., 327 So.2d 13 (Fla.1976).
Reversed and remanded.