671 So.2d 247 (1996)
BRICKELL BISCAYNE CORPORATION, Appellant,
v.
WPL ASSOCIATES, INC.; Franyie Engineering, Inc.; William Dorsky & Associates, Inc.; PFE Engineers, Inc., Appellees.
No. 94-2454.
District Court of Appeal of Florida, Third District.
April 10, 1996.
*248 Aragon, Martin, Burlington, Weil & Crockett, P.A., Gregory Martin and Kevin C. Kaplan, Miami, for appellant.
Walton Lantaff Schroeder & Carson and Lawrence D. Smith and Paul S. Martin, Miami, for appellee WPL Associates, Inc.; Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson and Joy Spillis Lundeen, Miami, for appellee Franyie Engineering, Inc.; Burd, Downs & Magathan and Madelyn Simon Lozano, Miami, for appellee William Dorsky & Associates, Inc.
Before NESBITT, JORGENSON, and GREEN, JJ.
PER CURIAM.
Brickell Biscayne Corporation appeals from an order dismissing its complaint for common law indemnity and equitable subrogation. We affirm.
In 1986, the Palace Condominium Association filed suit against Brickell Biscayne Corporation, the developer of the project; Morse/Diesel, Inc., the construction manager; and Arquitectonica International Corporation, the architectural firm that had designed the project. The complaint alleged claims for breach of statutory warranties, breach of common law warranties, violation of building codes, and negligence. In early 1989, Brickell Biscayne entered into a settlement with the condominium association for $3,000,000.00. Pursuant to that settlement, Brickell obtained an assignment of the condominium association's rights. The assignment provided as follows:
[The Condominium Association] hereby assigns to Brickell Biscayne Corporation any and all claims or causes of action which the association has, as of the date hereof, and which were asserted in the certain litigation styled The Palace Condominium Association, Inc. v. Brickell Biscayne, et al., Case No. 86-34400.
One year later, Brickell filed an action against many parties, some of whom had not been parties to the original action. After many motions to dismiss, what remained was Brickell's Fifth Amended Complaint. This appeal concerns the dismissal of that Fifth Amended Complaint against subconsultants who were not parties to the original action: WPL Associates, Inc.; Franyie Engineering, Inc.; William Dorsky & Associates, Inc.; and PFE Engineers, Inc. The causes of action against these subconsultants were for common law indemnity and equitable subrogation.
The trial court properly dismissed plaintiff's claim for common law indemnification. "Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought." Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla.1979). Furthermore, "[i]ndemnification rights derive from the relationship between a party ... and the party causing the injury. Given the requisite relationship, and assuming that the party seeking indemnification was not at all responsible for the injury, the injuring party becomes liable to the payor." Cleary Bros. Constr. v. Upper Keys Constr., 526 So.2d 116, 117 (Fla. 3d DCA 1988) (quoting Allstate Ins. v. Metropolitan Dade County, 436 So.2d 976, 978 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 885 (Fla.1984)), rev. denied, 534 So.2d 402 (Fla.1988).
The elements necessary to state a claim for indemnification are not present in this case. Brickell Biscayne had no legal relationship with any of the three subconsultants named as defendants in this action, and Brickell Biscayne had no duty to pay the Palace Condominium Association for any of the subconsultants' acts. Although Brickell Biscayne had a contractual relationship with the architectural firm, Arquitectonica, it did not have a contractual relationship with the subconsultants that Arquitectonica hired. Moreover, *249 the assignment of claims from the condominium association to Brickell Biscayne assigned "... any and all claims or causes of action which the association has, as of the date hereof, and which were asserted in the certain litigation styled The Palace Condominium Association, Inc., v. Brickell Biscayne, et al., Case No. 86-34400" (emphasis added). In that litigation, the subconsultants were neither defendants nor third party defendants; they were not parties to the action in any capacity.
Likewise, the Fifth Amended Complaint failed to state a claim for equitable subrogation.
"Equitable" subrogation is a creature of equity which was developed to afford relief "when one person has satisfied the obligations of another and equity compels that the person discharging the debt stand in the shoes of the person whose claim has been discharged, thereby succeeding to the rights and priorities of the original creditor." The policy behind the doctrine is to prevent unjust enrichment by assuring that the person who in equity and good conscience is responsible for the debt is ultimately answerable for its discharge.
Kala Invs., Inc. v. Sklar, 538 So.2d 909, 917 (Fla. 3d DCA), rev. denied, 551 So.2d 461 (Fla.1989) (citations omitted). When Brickell Biscayne, the developer, settled with the condominium association and obtained the assignment of rights, the developer acquired whatever rights the association had against the other defendants in the original action. Because none of the subconsultants was a party in any capacity to that original action that Brickell Biscayne settled, Brickell Biscayne cannot state a claim for equitable subrogation against those subconsultants. Compare Kala Invs., 538 So.2d 909, 919 n. 8 (owner of apartment building who had settled with plaintiffs could seek recovery against its codefendants in that action under theory of equitable subrogation; owner sought reimbursement from codefendants of funds it paid to plaintiffs "because it was the co-defendants, not [owner], who were actually responsible for the plaintiffs' injuries.").
We find no merit in the remaining arguments on appeal.
AFFIRMED.