683 So.2d 168 (1996)
BRICKELL BISCAYNE CORPORATION, Appellant,
v.
MORSE/DIESEL, INCORPORATED, Arquitectonica International Corporation, et al., Appellees.
No. 95-1996.
District Court of Appeal of Florida, Third District.
November 6, 1996.
Rehearing Denied December 11, 1996.
*169 Weintraub & Rosen and Gregory A. Martin, Miami, for appellant.
Harper, Kynes, Geller, Watson & Buford and Dennis R. Pemberton, Clearwater; Burd Downs & Magathan and Madelyn Simon Lozano, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.
SCHWARTZ, Chief Judge.
Brickell Biscayne, a condominium developer, appeals from the adverse dispositionby granting motions to dismiss or for summary judgmentof all of the several claims it asserted against Arquitectonica Int'l Corp., the architect of the project, and Morse/Diesel, Inc., which was hired to supervise the construction. We affirm in part and reverse in part.
The underlying facts of the case are stated in Brickell Biscayne Corp. v. WPL Assocs., 671 So.2d 247, 248 (Fla. 3d DCA 1996):
In 1986, the Palace Condominium Association filed suit against Brickell Biscayne Corporation, the developer of the project; Morse/Diesel, Inc., the construction manager; and Arquitectonica International Corporation, the architectural firm that had designed the project. The complaint alleged claims for breach of statutory warranties, breach of common law warranties, violation of building code, and negligence. In early 1989, Brickell Biscayne entered into a settlement with the condominium association for $3,000,000.00. Pursuant to that settlement, Brickell obtained an assignment of the condominium association's rights. The assignment provided as follows:
[The Condominium Association] hereby assigned to Brickell Biscayne Corporation *170 any and all claims or causes of action which the association has, as of the date hereof, and which were asserted in the certain litigation styled The Palace Condominium Association, Inc. v. Brickell Biscayne, et al., Case No. 86-34400.
In WPL Assocs., we affirmed the dismissal of Brickell Biscayne's claims, based on (a) common law indemnity (b) the rights assigned by the association and (c) equitable subrogation, against subconsultants of Arquitectonica who were not parties to the original action and who had no direct contractual relationship with Brickell Biscayne. Because both Arquitectonica and Morse/Diesel had contracted with the developer and were co-parties defendant in the condominium association's case, we reach an opposite result here.
Considering first the theories of liability treated in WPL Assocs., we find:
(a) Because of the presence of each of the legal prerequisitesincluding the significant ones (i) that it was claimed that the entire fault for the defective building lay with these appellees and none with the developer and (ii) that contractual relationships existed with the plaintiffthe claim for common law indemnity of the previous settlement was properly maintainable. WPL Assocs., 671 So.2d at 248-49, and cases cited.
(b) Similarly, because the appellees were among those against whom the condominium association had initially brought actions, they were the subject of the assignment given Brickell Biscayne in return for the three million dollar settlement. See WPL Assocs., 671 So.2d at 249, and cases cited. Thus, the appellant's assertion of those "assigned claims" should likewise not have been dismissed.
(c) By the same token and for the same reason, the claim for equitable subrogation of the amount paid in the settlement was properly maintainable. WPL Assocs., 671 So.2d at 249, and cases cited. The very elements which precluded recovery against the appellees in WPL are present here. See Kala Invs., Inc. v. Sklar, 538 So.2d 909, 919 n. 8 (Fla. 3d DCA 1989) (owner of apartment building who had settled with plaintiffs could seek recovery against its codefendants in that action under theory of equitable subrogation; owner sought reimbursement from codefendants of funds it paid to plaintiffs "because it was the co-defendants, not [owner], who were actually responsible for the plaintiffs' injuries"), review denied, 551 So.2d 461 (Fla.1989).
Treating next the issues which were not involved in the earlier case:
(a) We first find no basis for dismissal of the counts in which the plaintiff sued for the appellees' respective breaches of the implied terms of their own contracts with Brickell Biscayne to perform the services required in a professional and workmanlike manner. See City of Orlando v. H.L. Coble Constr. Co., 282 So.2d 25 (Fla. 4th DCA 1973), cert. denied, 288 So.2d 505 (Fla.1973); Shore Drive Apartments, Inc. v. Frank J. Rooney, Inc., 253 So.2d 478 (Fla. 4th DCA 1971); see also Florida Construction Law & Practice § 3.12 (Fla.Bar, Dec. 1993). While the appellees asserted a statute of limitations defense to this aspect of the case, the defense did not appear on the face of the complaints so as to justify dismissal. Attias v. Faroy Realty Co., 609 So.2d 105 (Fla. 3d DCA 1992). Therefore, these claims as well must be tried after remand.
(b) We do agree, however, that there is no merit to the claims for breach of contractual indemnity against Morse/Diesel or for the direct, non-assigned claims against both appellees for negligence and under section 553.84, Florida Statutes (1986). The disposition of those counts is affirmed.
Affirmed in part, reversed in part and remanded.