837 So.2d 1056 (2002)
Robert ALEXANDER and Dianne Alexander, Appellants,
v.
SUNCOAST BUILDERS, INC., etc., et al., Appellees.
No. 3D02-1739.
District Court of Appeal of Florida, Third District.
December 26, 2002.
Rehearing Denied February 26, 2003.
Martin J. Beguiristain and Randy J. Pope, for appellants.
*1057 Elder, Kurzman & Vaccarella, Michael J. Kurzman and Anthony Accetta, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
GODERICH, Judge.
The plaintiffs, Robert and Dianne Alexander [homeowners], appeal from an order granting the defendants, Suncoast Builders, Inc. [Suncoast], John Michael Lynch, Jr., and Steve McManus', motion to dismiss the amended complaint finding that the action was not filed within the applicable statute of limitations. We reverse and remand for further proceedings.
On October 25, 2001, the homeowners filed suit against Suncoast, a contractor; Lynch, the qualifying agent for Suncoast; and McManus, a subcontractor. In December 2001, the homeowners filed an amended complaint alleging breach of implied warranties and breach of construction codes against all defendants; breach of assignment contract against Lynch and Suncoast; and Deceptive and Unfair Trade Practices against Lynch.
The defendants moved to dismiss the homeowners' amended complaint arguing that the action was barred by the applicable statute of limitations. § 95.11(3)(c), Fla. Stat. (1991). Section 95.11(3)(c) provides, in pertinent part:
Actions other than for recovery of real property shall be commenced as follows:
...
(3) WITHIN FOUR YEARS.
(c) an action founded on the design, planning or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with due diligence.
The trial court granted the motion to dismiss finding that the action involved a latent defect and that it was not brought within four years of discovery of that defect. This appeal followed.
A motion to dismiss a complaint based on the expiration of the statute of limitations should only be granted "in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law." Rigby v. Liles, 505 So.2d 598, 601 (Fla. 1st DCA 1987); see also Brickell Biscayne Corp. v. Morse/Diesel, Inc., 683 So.2d 168, 170 (Fla. 3d DCA 1996), review denied sub nom, Arquitectonica Int'l Corp. v. Brickell Biscayne Corp., 695 So.2d 698 (Fla.1997); Khalaf v. City of Holly Hill, 652 So.2d 1246, 1247 (Fla. 5th DCA 1995); General Motors Acceptance Corp. v. Thornberry, 629 So.2d 292, 293 (Fla. 3d DCA 1993). Therefore, in ruling on a motion to dismiss, a trial court may only consider the allegations pled in the complaint.
In the instant case, the allegations contained in the amended complaint are as follows: In September 1992, the homeowners entered into a work authorization and assignment of insurance proceeds contract with Suncoast for repairs to their home following Hurricane Andrew, including the re-roofing of the home. On November 11, 1993, Dade County notified Lynch and Suncoast of defects and deficiencies in the homeowners' roof system. Further, in January 1994, the Dade County *1058 Department of Planning, Development and Regulation issued Lynch and Suncoast a notice of building violations. Following notification, Lynch promised the homeowners that he would repair or replace the roof. In an attempt to repair the roof, in June 1995, Suncoast and McManus provided additional materials and labor, but the defects were not rectified. Thereafter, Lynch continued to promise the homeowners that he would replace the roof. As a result of these defects, the defendants have not been able to obtain a final roofing inspection from Dade County. In August 1998, the Dade County Board of Rules and Appeals [Board] filed an administrative complaint alleging violations which occurred between May 8, 1993 and May 5, 1998. On October 15, 1998, Lynch and Suncoast acknowledged that there were defects in the homeowners' roof and promised to replace the roof. Because Lynch and Suncoast failed to replace the roof, in March 2001, the Board issued a "Formal Reprimand" to Lynch and Suncoast finding that they were guilty of willfully violating two sections of the South Florida Building Code of 1988.
The homeowners contend that the trial court, in determining whether the statute of limitations had expired, erred by applying the "latent defect" portion of the statute. We agree.
"Latent defects are generally considered to be hidden or concealed defects which are not discoverable by reasonable and customary inspection, and of which the owner has no knowledge." Lakes of the Meadow Village Homes Condominium Nos. One, Two, Three, Four, Five, Six, Seven, Eight, and Nine Maintenance Ass'ns, Inc. v. Arvida/JMB Partners, L.P., 714 So.2d 1120, 1122 (Fla. 3d DCA 1998)(quoting Henson v. James M. Barker Co., 555 So.2d 901, 909 (Fla. 1st DCA 1990)); see also Black's Law Dictionary 794-95 (5th ed.1979). In the instant case, the defects involved were not latent. First, the homeowners were aware of the defects. Second, the defects were discovered during a reasonable and customary inspection. Therefore, because the "latent defect" portion of section 95.11(3)(c) is inapplicable, the statute of limitations does not start to run from the "time the defect is discovered or should have been discovered with due diligence." Rather, pursuant to section 95.11(3)(c), when a latent defect is not involved, the limitation period begins to run from the latest of the following events: the date of actual possession by the owner; the date of the issuance of a certificate of occupancy; the date of abandonment of construction if not completed; the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer.
In the instant case, a review of the amended complaint indicates that the last event to occur was the "the date of abandonment of construction if not completed." First, we find that the amended complaint sufficiently alleges that construction was not completed because the defendants failed to secure the roof tiles to the deck in a manner that would resist uplift forces and failed to install valleys in accordance with the required specifications of the roof. Moreover, as a result of these failures, the defendants were unable to obtain a final inspection from Dade County. We must next determine when the defendants abandoned construction. Although the homeowners became aware of the defects in November 1993, construction was not abandoned at that time. In June 1995, there was an unsuccessful attempt to remedy the defects. Thereafter, the defendants continued to promise the homeowners that they would return to replace the roof. The amended complaint indicates that such promises were made until October 15, 1998. Therefore, pursuant to the allegations of the amended complaint, *1059 the defendants abandoned the construction no earlier than October 15, 1998, the last date that they promised to return to complete the project. As such, because the uncompleted construction was abandoned no earlier than October 15, 1998, the homeowners' action, which was filed on October 25, 2001, was filed within the four-year statute of limitations.
Finally, the defendants rely on K/F Development & Investment Corp. v. Williamson Crane & Dozer, 367 So.2d 1078 (Fla. 3d DCA 1979), approved by Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla.1983), for the proposition that repairs made in an attempt to remedy defects in construction work do not toll the statute of limitations. Defendants' reliance on K/F Development is misplaced. K/F is factually distinguishable because it travels under the "catchall" four-year provision in section 95.11(3)(p), Fla. Stat. (1975).
Although not relied on by the parties, Kelley is also distinguishable. Kelley involves a situation in which there had been "completion of construction." Further, the Kelley opinion does not state which portion of section 95.11(3)(c) was applied. However, the language contained in the opinion indicates that the latent defect portion of the statute was applied. Specifically, the Kelley opinion states that "[t]he record establishes that the school board had knowledge of the defective roofs sufficient to put it on notice that it had, or might have had, a cause of action prior to August 1973" when the roof began to leak, and that "regardless of the school board's lack of knowledge of a specific defect, the school board knew more than four years prior to [filing the action] that something was wrong with the roofs of these three schools. This knowledge meets the discovery aspect of subsection 95.11(3)(c)." Kelley, 435 So.2d at 806-07. Accordingly, we find that the trial court erred by dismissing the homeowners' amended complaint and remand for further proceedings.
Based on the disposition of the above issue, we do not address the remaining issue raised by the homeowners.
Reversed and remanded for further proceedings.
COPE, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
In my opinion, the job was "abandoned" and the statutory time began to run in June, 1995, when the appellees last went to the house, attempted, to the owners' complete dissatisfaction, to repair the roof, and never returned. The fact that they later promised the appellants that they would correct the situation, much less that they made the same representations to the Regulatory Board in a vain attempt to avoid discipline, should not extend the statutory time. See Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla.1983); K/F Development & Investment Corp. v. Williamson Crane & Dozer Corp., 367 So.2d 1078 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 350 (Fla.1979). I would affirm.